1  Christopher D. Holt, Bar No. 228399
   KLINEDINST PC
2  5 Hutton Centre Drive, Suite 1000
   Santa Ana, California  92707
3  (714) 542-1800/FAX (714) 542-3592
   cholt@klinedinstlaw.com
4
   Attorneys for Defendant
5  NORTHLAND GROUP, INC.
6
7



8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND BRANCH

11

12  STEFAN AUERBACH,                    Case No. **C12-00153**

13           Plaintiff,               **NORTHLAND GROUP, INC.'S
                                       NOTICE OF REMOVAL OF ACTION
14      v.                             UNDER 28 U.S.C. § 1441(b) (FEDERAL
                                       QUESTION)**
15  NORTHLAND GROUP, INC.,

16           Defendant.

17

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that Defendant Northland Group, Inc.

20  ("Northland") hereby removes to this Honorable Court the state court action

21  described below.

22      1.     On or about November 14, 2011, Plaintiff Stefan Auerbach

23  ("Plaintiff") commenced an action in the Superior Court of California, County of

24  Contra Costa, entitled *Stefan Auerbach v. Northland Group, Inc.* and assigned Case

25  No. CIV MS L11-08644.  Copies of the summons, complaint and concurrently

26  served notice of case management conference are attached as Exhibit A.

27      2.     This action is a civil action of which this Court has original

28  jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this

                                   - 1 -

1   Court by Northland pursuant to 28 U.S.C. § 1441(b) in that it presents a federal

2   question as Plaintiff alleges violations of the federal Fair Debt Collection Practices

3   Act, 15 U.S.C. § 1692 et seq.

4       3.      Plaintiff caused a copy of the summons and complaint to be served on

5   Northland via personal delivery on December 9, 2011.  This removal is therefore

6   timely.

7       4.      Northland is the only named defendant in the above-captioned matter.

8       5.      On January 6, 2012, Northland filed its answer to the complaint.  A

9   copy of Northland's answer is attached as Exhibit B.  Northland is informed that

10  Plaintiff filed a proof of service but has not been served with a copy.  Northland is

11  not aware of any other filings in this matter.

12      6.      As required by 28 U.S.C. § 1446(d), Northland will give notice of the

13  filing of this notice to Plaintiffs and to the clerk of the Superior Court of

14  California, County of Los Angeles, where the action is currently pending.

15      WHEREFORE, Northland respectfully requests that the above-captioned

16  matter, currently pending in the Superior Court of California, County of Contra

17  Costa, be removed to this Honorable Court.

18                                  *Respectfully Submitted,*

19                                  KLINEDINST PC

20

21  DATED: January 9, 2012          By:  /s/Christopher D. Holt
                                         Christopher D. Holt
22                                       Attorneys for Defendant
                                         NORTHLAND GROUP, INC.
23
    1380687v1
24

25

26

27

28

- 2 -

KLINEDINST PC
2 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

# EXHIBIT A

12/9/11
RP
3PM

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NORTHLAND GROUP, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEFAN AUERBACH



FILED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2011 NOV 14   A  9: 31

K. NAME, CLERK OF THE SUPERIOR COURT
CONTRA COSTA COUNTY, CALIF.
BY _____ , Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Contra Costa <br> 725 Court Street <br> Martinez CA 94553 | CASE NUMBER: *(Número del Caso):* **C 11 - 08644** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

| DATE: *(Fecha)* **NOV 14 2011** | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ✓ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ X ] on behalf of *(specify):*  **Northland Group, Inc.**

under: [ ✓ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ✓ ] by personal delivery on *(date):* **12-09-11**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

FILED

2011 NOV 14  A 9: 31

~~[illegible stamp]~~

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF CONTRA COSTA
### LIMITED JURISDICTION

| | |
|---|---|
| STEFAN AUERBACH,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHLAND GROUP, INC.,<br><br>Defendant. | Case No. **L11-08644**<br><br>**COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(Amount not to exceed $10,000)**<br><br>1.  Violation of Rosenthal Fair Debt Collection Practices Act<br>2.  Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.  The RFDCPA states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to

Complaint - 1

1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

## II. PARTIES

2.      Plaintiff, Stefan Auerbach ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.      At all relevant times herein, Defendant, Northland Group, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.  The account Defendant was attempting to collect was not an account owed by Plaintiff.

5.      On or about May, 2011, Defendant began calling Plaintiff regarding a debt. Defendant called Plaintiff from the phone number 866-380-8777.  Defendant's calls to Plaintiff include, but are not limited to, calls on May 12th at 8:56 a.m., May 16th at 1:40 p.m., May 17th at 5:28 p.m., May 23rd at 12:36 p.m., May 25th at 6:25 p.m., June 1st at 2:46 p.m. and 3:14 p.m., June 2nd at 6:02 p.m., June 6th at 8:23 a.m., June 7th at 6:40 p.m., June 8th at 6:45 p.m., June 9th

at 9:34 a.m., June 13th at 5:00 p.m., June 24th at 10:08 a.m., June 27th at 11:14 a.m., June 28th at 8:19 a.m., and July 6th at 2:02 p.m.

7.       Plaintiff repeatedly advised Defendant that they were calling the wrong number, but Defendant did not stopped calling.

8.       On June 28, 2011, Plaintiff sent a written a notice of representation and request for verification to Defendant. Defendant responded on July 11, 2011, to state they could not locate the account. Defendant further denied any recent calls to Plaintiff. However, Defendant had called Plaintiff on July 6, 2011, a week after the notice of representation had been sent.

9.       Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a)  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

b)  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

c)  Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

d)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

e)  Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a));

f)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

g)  Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

i) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

j) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)); and

k) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

10. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
B. Actual damages;
C. Statutory damages for wilful and negligent violations;
D. Costs and reasonable attorney's fees; and
E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

13.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;
    B.    Actual damages;
    C.    Statutory damages;
    D.    Costs and reasonable attorney's fees; and,
    E.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of November, 2011.

                    By:    _____
                           Todd M. Friedman, Esq.
                           Law Offices of Todd M. Friedman, P.C.
                           Attorney for Plaintiff

                                    SUPERIOR COURT - MARTINEZ
                                    COUNTY OF CONTRA COSTA
                                    MARTINEZ, CA, 94553

AUERBACH VS NORTHLAND

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSL11-08644

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 04/23/12       DEPT: 31        TIME:   9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

        a.  an order establishing a discovery schedule
        b.  an order referring the case to arbitration
        c.  an order transferring the case to limited jurisdiction
        d.  an order dismissing fictitious defendants
        e.  an order scheduling exchange of expert witness information
        f.  an order setting subsequent conference and the trial date
        g.  an order consolidating cases
        h.  an order severing trial of cross-complaints or bifurcating
            issues
        i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  12/01/11              _____
                                    T. WOODS, Deputy Clerk

# EXHIBIT B

1   Christopher D. Holt, Bar No. 228399
    KLINEDINST PC
2   5 Hutton Centre Drive, Suite 1000
    Santa Ana, California 92707
3   (714) 542-1800/FAX (714) 542-3592
    cholt@klinedinstlaw.com
4
    Attorneys for Defendant
5   NORTHLAND GROUP, INC.

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF CONTRA COSTA

10                            LIMITED JURISDICTION

11

12   STEFAN AUERBACH,                      Case No. CIVMSL11-08644

13              Plaintiff,                 **NORTHLAND GROUP, INC.'S ANSWER TO**
                                           **COMPLAINT**
14        v.

15   NORTHLAND GROUP, INC.,

16              Defendant.

17

18        Defendant NORTHLAND GROUP, INC. ("Northland"), by and through its attorneys of

19   record, Klinedinst PC, hereby generally and specifically denies and answers Plaintiff STEFAN

20   AUERBACH's ("Plaintiff") unverified complaint as follows:

21        Under the provisions of Section 431.30 of the California Code of Civil Procedure,

22   Northland denies each, every and all of the allegations of Plaintiff's complaint, in the conjunctive

23   and disjunctive, and each cause of action therein, and the whole thereof, and further generally

24   and specifically denies that Plaintiff has sustained any loss, injury, or damage as a proximate

25   result of any act, breach, or omission on the part of Northland.

26                            **AFFIRMATIVE DEFENSES**

27        Further, in response to the complaint, and each and every cause of action stated therein,

28   Defendant asserts the following affirmative defenses:

                                      - 1 -

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

## FIRST DEFENSE

Northland alleges that Plaintiff's complaint fails to state a claim against Northland for which relief can be granted.

## SECOND DEFENSE

Northland alleges that Plaintiff's causes of action against Northland are asserted in bad faith as to any and all issues asserted within Plaintiff's complaint.

## THIRD DEFENSE

Northland alleges that Plaintiff's causes of action are barred as a result of his failure to mitigate damages and/or injury.

## FOURTH DEFENSE

Northland alleges that if an error occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## FIFTH DEFENSE

Northland alleges that Plaintiff's claims are barred in whole or in part by the statute of limitations.

## SIXTH DEFENSE

Northland alleges that any alleged actions, to the extent they violate California or federal law, which Northland denies, were not willful.

## SEVENTH DEFENSE

Northland alleges that Plaintiff suffered no damage from the alleged violations by Northland and therefore is not entitled to any award of damages, attorney's fees or costs.

## EITHGTH DEFENSE

Northland alleges that any damage to Plaintiff, which Northland denies, is due to the acts or omissions of Plaintiff and/or third parties and Northland is not liable for said acts, omissions or alleged damages.

///

///

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

1   NINTH DEFENSE

2   Northland alleges that all of Northland's actions have been in accordance with California

3   and federal debt collection practices and consumer credit laws.

4   TENTH DEFENSE

5   Northland alleges that Plaintiff's claims are barred by lack of proximate cause.

6   ELEVENTH DEFENSE

7   Northland alleges that Plaintiff's claims are barred because Plaintiff failed to perform as

8   agreed in breach of the contracts with underlying creditors.

9   TWELFTH DEFENSE

10  Northland alleges that Plaintiff's claims are barred by Plaintiff's unclean hands.

11  THIRTEENTH DEFENSE

12  Northland alleges that Plaintiff's claims are barred by the doctrine of unjust enrichment.

13  FOURTEENTH DEFENSE

14  Northland alleges that Plaintiff's claims are barred by the defense of in pari delicto.

15  FIFTEENTH DEFENSE

16  Northland alleges that Plaintiff may be contractually obligated to arbitrate any dispute,

17  claim or controversy which arises out of the transaction that is the subject matter of the instant

18  litigation.

19  SIXTEENTH DEFENSE

20  Northland alleges that it may have additional defenses that cannot be articulated due to

21  Plaintiff's failure to particularize his claims, due to the fact that Northland does not have copies

22  of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more

23  specific information concerning the nature of the damage claims and claims for certain costs

24  which Plaintiff alleges that Northland may share some responsibility. Northland therefore

25  reserves the right to assert additional defenses upon further particularization of Plaintiff's claims,

26  upon examination of the documents provided, upon discovery of further information concerning

27  the alleged damage claims and claims for costs, and upon the development of other pertinent

28  information.

## PRAYER

WHEREFORE, Northland prays for judgment against Plaintiff as follows:

     1.     That Plaintiff take nothing by way of his action;

     2.     That Northland be awarded costs of suit incurred herein including reasonable attorney's fees; and

     3.     For such other and further relief as the court deems just and proper.

KLINEDINST PC

DATED: January 6, 2012          By: _____
                              Christopher D. Holt
                              Attorneys for Defendant
                              NORTHLAND GROUP, INC.

1380575v1

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

1   Christopher D. Holt, Bar No. 228399
    KLINEDINST PC
2   501 West Broadway, Suite 600
    San Diego, California 92101
3   (619) 239-8131/FAX (619) 238-8707
    cholt@klinedinstlaw.com
4
    Attorneys for Defendant
5   NORTHLAND GROUP, INC.

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF CONTRA COSTA

10                        LIMITED JURISDICTION

11

12  STEPAN AUERBACH,                    Case No.    CIVMSL11-08644

13              Plaintiff,              **PROOF OF SERVICE**

14       v.
                                        Complaint Filed:  November 14, 2011
15  NORTHLAND GROUP, INC.,              Trial Date:       None set

16              Defendant.

17

18       I declare that:

19       I am and was at the time of service of the papers herein, over the age of eighteen (18)
    years and am not a party to the action. I am employed in the County of Orange, and my business
20  address is 5 Hutton Centre Drive, Suite 1000, Santa Ana, California.

21       On January 6, 2012, I caused to be served the following documents:

22            **NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT**

23  ☐    **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax
         number (714) 542-3592 to the fax numbers listed below and/or on the attached service
24       list. The facsimile machine I used complied with Rule 2008 and no error was reported by
         the machine.
25
    ☐    **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure
26       section 1010.6, my electronic business address is cgagne@klinedinstlaw.com and I
         caused such document(s) to be electronically served through the LexisNexis/Verilaw
27       system for the above-entitled case to those parties on the Service List maintained on the
         LexisNexis/Verilaw's website for this case. The file transmission was reported as
28       complete and a copy of the Filing/Service Receipt will be maintained with the original

                                  - 1 -
                          **PROOF OF SERVICE**

1     document(s) in our office.

2     ☒     **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

3

4          ☒     **BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

5          ☐     **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

6          ☐     **BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

7

8     **SEE ATTACHED SERVICE LIST**

9       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

12       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14       Executed on January 6, 2012, at Santa Ana, California.

                              *Carrie L. Gagne*
                              Carrie L. Gagne

501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

- 2 -

**PROOF OF SERVICE**

Service List
Stefan Auerbach v. Northland Group, Inc.
1465-5014

| Todd M. Friedman, Esq.<br>Darin Shaw, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211 | T: (877) 206-4741<br>F: (866) 633-0228<br><br>Attorneys for Plaintiff<br>STEFAN AUERBACH |
|---|---|

1380854v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -
**PROOF OF SERVICE**

1   Christopher D. Holt, Bar No. 228399
    KLINEDINST PC
2   5 Hutton Centre Drive, Suite 1000
    Santa Ana, California  92707
3   (714) 542-1800/FAX (714) 542-3592
    cholt@klinedinstlaw.com
4
    Attorneys for Defendant
5

6

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  STEFAN AUERBACH,                    Case No.

12              Plaintiff,              **CERTIFICATE OF SERVICE**

13      v.                              Date
                                        Time:
14  NORTHLAND GROUP, INC.,              Courtroom:
                                        Judge:
15              Defendant.              Magistrate Judge:
                                        Complaint Filed:
16                                      Trial Date:      None set

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA     )
                        )
COUNTY OF ORANGE        )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, California, and my business address is 5 Hutton Centre Drive, Suite 1000, Santa Ana, California 92707.

On **January 9, 2012**, I caused to be served the following documents:

**NORTHLAND GROUP, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) FEDERAL QUESTION**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Santa Ana, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF") . The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

- 2 -

**CERTIFICATE OF SERVICE**

1    ☐     By leaving the copies at the individual's residence, a conspicuous place,
           between the hours of eight in the morning, and six in the afternoon.

2

3        I declare that I am employed in the office of a member of the bar of this Court, at
     whose direction the service was made.

4    **SEE ATTACHED SERVICE LIST**

5        I am readily familiar with the firm's practice of collection and processing
     correspondence for mailing. Under that practice, it would be deposited with the United

6    States Postal Service on that same day with postage thereon fully prepaid at Santa Ana,
     California, in the ordinary course of business. I am aware that on motion of the party

7    served, service is presumed invalid if postal cancellation date or postage meter date is
     more than one day after the date of deposit for mailing in affidavit.

8

9        I declare under penalty of perjury under the laws of the United States of America
     that the foregoing is true and correct.

10       Executed on January 9, 2012, at Santa Ana, California.

11

12

13                                        Carrie L. Gagne

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

**CERTIFICATE OF SERVICE**

KLINEDINST PC
SANTA ANA, CALIFORNIA 92707

1
2

Service List
Stefan Auerbach v. Northland Group, Inc.
1465-5014

3
4
5

| Todd M. Friedman, Esq.<br>Darin Shaw, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211 | T: (877) 206-4741<br>F: (866) 633-0228<br><br>Attorneys for Plaintiff<br>STEFAN AUERBACH |
|---|---|

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1382609v1

- 4 -

**CERTIFICATE OF SERVICE**